# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ROBERT MEACHAM                                                                            PLAINTIFF

v.                              NO. 3:14-cv-00090 JTK

CAROLYN W. COLVIN, Acting Commissioner                                                    DEFENDANT
of the Social Security Administration

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Meacham ("Meacham") began the case at bar by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, he challenged the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner"), a decision based upon findings made by an Administrative Law Judge ("ALJ").

Meacham maintains that the ALJ's findings are not supported by substantial evidence on the record as a whole and offers several reasons why.[1] Meacham's primary reason for so maintaining is that the ALJ committed error at step two of the sequential evaluation process. Meacham maintains that he has severe impairments, and the ALJ erred when he failed to so find.

---

[1] The question for the Court is whether the ALJ's findings are supported by substantial evidence on the record as a whole. "Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the decision." See Boettcher v. Astrue, 652 F.3d 860, 863 (8th Cir. 2011).

At step two, the ALJ is obligated to identify the claimant's impairments and determine whether they are severe. An impairment is severe if it has "'more than a minimal effect on the claimant's ability to work.'" See Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1992) [quoting Hudson v. Bowen, 870 F.2d 1392, 1396 (8th Cir. 1989)]. The determination at step two is a medical determination. See Bowen v. Yuckert, 482 U.S. 137 (1987).

The ALJ found that Meacham has the following "medically determinable impairments: [h]ypertension, cellulitis, obesity, gastroesophageal reflux disease, hypercholesterolemia, sensorineural hearing loss, tinnitus (subjective), and benign paroxysmal positional vertigo." See Transcript at 11. The ALJ found, though, that Meacham does not have an impairment, or combination of impairments, significantly limiting his ability to perform basic work-related activites. The ALJ therefore found that Meacham does not have a severe impairment, or combination of impairments, and did not proceed past step two. The ALJ concluded that Meacham has not been under a disability at any time between the amended alleged onset date of June 9, 2011, and the date of the ALJ's decision.

Substantial evidence on the record as a whole supports the ALJ's finding at step two. The ALJ could and did find that although Meacham has been diagnosed with, and suffers from, several impairments, they do not give rise to work-related limitations. In short, the ALJ could and did find that Meacham's impairments do not have more than a minimal effect on his ability to work.

Meacham filed his applications for disability insurance benefits and supplemental security income payments in June of 2011 and alleged that he became disabled on December 6, 2010, a date he later amended to June 9, 2011. See Transcript at 8, 27, 33-35, 141. In the applications, he alleged that he became disabled because of his "passing out spells," high blood pressure, and chronic back pain. See Transcript at 169. During the administrative hearing, his attorney gave an opening statement during which counsel identified the impairments preventing Meacham from working. See Transcript at 35-36. Counsel identified those impairments as diabetes, hypertension, acid reflux disease, insomnia, hearing loss in Meacham's left ear, numbness in his hands, and a recently removed cyst in his groin. Counsel represented that "the biggest thing preventing [Meacham] from working [is his] dizziness and … passing out when he's coughing." See Transcript at 36.

The record reflects that Meacham has been diagnosed with type II diabetes mellitus. See Transcript at 261, 267, 271-272. The focus of a disability determination, though, is not on the diagnosis of an impairment but on the extent to which it impairs the claimant's ability to perform work-related activities. Meacham testified that medication helps control his diabetes, although "it's still not down to where it should be." See Transcript at 38. When asked what symptoms he was having as a result of his diabetes, he testified that "[he did not] know of any." See Transcript at 38-39. Given this evidence, the ALJ could and did find that Meacham's diabetes does not have more than a minimal effect on his ability to work and is not a severe impairment.

The record reflects that Meacham has been diagnosed with hypertension. See Transcript at 241, 247-248, 251-252, 261, 267, 271-272. He testified that medication helps control the impairment, although it too is "still not down to where it should be." See Transcript at 38. The medical evidence does not indicate that the impairment gives rise to work-related limitations, and he did not testify to any such limitations. It is true that dizziness can be a symptom associated with hypertension, but there is no evidence his dizziness is caused by or otherwise related to his hypertension. Given this evidence, the ALJ could and did find that Meacham's hypertension does not have more than a minimal effect on his ability to work and is not a severe impairment.

The record reflects that Meacham has been diagnosed with acid reflux disease, also characterized as gastroesophageal reflux disease or GERD. See Transcript at 271-272. He testified that medication helps control the impairment, although it too is "still not down to where it should be." See Transcript at 38. The medical evidence does not indicate that the impairment gives rise to work-related limitations, and he did not testify to any such limitations. Given this evidence, the ALJ could and did find that Meacham's acid reflux disease does not have more than a minimal effect on his ability to work and is not a severe impairment.

Meacham's attorney represented that Meacham has insomnia. There is no evidence, though, that the condition gives rise to work-related limitations. Given this lack of evidence, it cannot be said that the condition has more than a minimal effect on his ability to work.

Meacham testified that he has had consistent hearing loss in his left ear for over twenty years. The medical evidence does not indicate that the impairment gives rise to work-related limitations. After the administrative hearing concluded, the ALJ sent Meacham to Dr. John Jiu, M.D., ("Jiu") for a consultative examination. See Transcript at 511-515. Jiu observed that Meacham's hearing appeared "normal to conversational voice" and an otoscopic examination revealed nothing outside of normal limits. See Transcript at 512. Testing revealed that although Meacham has some hearing loss, he has "[s]peech discrimination" at ninety-six percent on the right and ninety-six percent on the left. See Transcript at 514. The ALJ also noted the following: "[t]here is no evidence ... Jiu found [Meacham's] hearing loss of such severity as to require hearing aids." See Transcript at 17. It is also worth noting that Meacham's hearing, which has been unchanged for over twenty years, did not prevent him from working in the past. Given this evidence, the ALJ could and did find that Meacham's hearing loss does not have more than a minimal effect on his ability to work and is not a severe impairment.

Meacham also testified that he has numbness in two fingers on his right hand. See Transcript at 42-45, 47-48. There is no evidence, though, that the condition gives rise to work-related limitations. He testified that he is capable of, inter alia, picking up coins, buttoning his clothing, and writing with a pen/pencil even when his hand is numb, although he did not know if he could do so continually for eight hours. Given this evidence, it cannot be said that the condition has more than a minimal effect on his ability to work.

Meacham's attorney represented that Meacham had a cyst removed from his groin. The record reflects that Meacham indeed underwent surgery in his groin, but it appears to have been for what a post-operative note characterized as a "left groin abscess." See Transcript at 282. The record establishes that he made a full recovery following the surgery. There is no evidence the cyst or abscess, and the resulting surgery, give rise to work-related limitations. Given this evidence, the ALJ could and did find that the cyst or abscess, and the surgery to treat it, does not have more than a minimal effect on his ability to work and is not a severe impairment.

Meacham represented in his applications that he is disabled, in part, because of chronic back pain. There is no evidence, though, that the condition gives rise to work-related limitations. In fact, he testified that although his back bothers him "every now and then," it does not bother him "that much." See Transcript at 43. Given this evidence, it cannot be said that the condition has more than a minimal effect on his ability to work.

Meacham represented in his applications for disability insurance benefits and supplemental security income payments that he is disabled, in part, because of his "passing out spells," or as counsel represented during the administrative hearing, "the biggest thing preventing [Meacham] from working [is his] dizziness and … passing out when he's coughing." See Transcript at 36. In the applications, Meacham also represented that he is capable of driving an automobile and can "sometimes" go hunting and fishing. See Transcript at 194.

During the administrative hearing, Meacham testified to his dizziness, coughing, and occasional loss of consciousness. See Transcript at 37-39, 42, 45-49, 51-53. He testified that no physician has ever pinpointed why he is experiencing the problems but admitted that he was taking no medication for them. At the conclusion of the hearing, the ALJ noted that the record was "kind of scant as to the cause of the dizziness" and therefore ordered a consultative examination. See Transcript at 53.

Meacham was seen by Jiu, who recorded Meacham's representation that his vertigo occurs only when he is "lying on [his] back." See Transcript at 511. As the ALJ could and did note, Meacham made no mention of any problems with "vertigo/dizziness in connection with other positioning or activity." See Transcript at 16. Jiu diagnosed, inter alia, benign paroxysmal positional vertigo, which the Court understands to be a disorder arising in the inner ear and causing a spinning sensation with changes in the position of the head.

The ALJ discounted the severity of Meacham's dizziness and "passing out spells." The ALJ did so for the following reasons:

> It is unreasonable that an individual with the degree of symptoms alleged by the claimant ... would have a meaningful or retained ability, nor any desire to operate a motor vehicle. Further, there is no evidence showing the claimant discussed or complained of any problems or limitations associated with ability related to ambulation, driving or other physical activities to ... Jiu, in connection with reported symptoms of vertigo/dizziness, or any other symptoms or diagnosed conditions.

See Transcript at 16.

Substantial evidence on the record as a whole supports the ALJ's finding regarding Meacham's complaints of dizziness, coughing, and occasional loss of consciousness. The Court so finds for two reasons. First, the medical evidence supporting the impairments is minimal. There is no medical evidence to support his claims of excessive coughing or occasional loss of consciousness, and there is no medical evidence the conditions give rise to work-related limitations. Although Jiu diagnosed benign paroxysmal positional vertigo, there is no medical evidence it gives rise to work-related limitations. At most, Meacham's dizziness occurs when he is on his back. It is true that Meacham testified he becomes dizzy in other positions, see Transcript at 45-49, but the ALJ could and did credit Jiu's observation that Meacham did not report dizziness in any position other than on his back. Moreover, the record reflects that Meacham has not pursued a consistent course of treatment for his dizziness, takes no medication for it, and continued to drive an automobile, hunt, and fish for some time after his amended alleged onset date.

Second, the ALJ's finding is consistent with the findings made by the state agency physicians, both of whom reviewed Meacham's medical records and opined that he does not have a severe impairment. See Transcript at 254-256, 257-259. Although their opinions are not entitled to great weight, the opinions are entitled to some weight. See Anderson v. Heckler, 738 F.2d 959 (8th Cir. 1984) (consulting physician's opinion given limited weight).[2]

---

[2] The ALJ also found that Meacham has other severe impairments. See Transcript at 11. There is no evidence the impairments have more than a minimal effect on his ability to work.

The ALJ not only considered Meacham's impairments individually, the ALJ also considered them collectively. See Transcript at 16. The ALJ found that even when the impairments are considered collectively, they do not give rise to work-related limitations. Substantial evidence on the record as a whole supports that finding.

For the foregoing reasons, the Court finds that substantial evidence on the record as a whole supports the ALJ's finding at step two, and he could and did stop at step two.[3] The ALJ could and did find that Meacham's impairments, when considered individually and collectively, do not give rise to work-related limitations and do not have more than a minimal effect on his ability to work. Meacham's complaint is therefore dismissed, all requested relief is denied, and judgment will be entered for the Commissioner.

IT IS SO ORDERED this 21st day of May, 2015.

                                                        UNITED STATES MAGISTRATE JUDGE

---

[3] Because the ALJ could and did stop at step two, the Court need not address Meacham's assertion that his residual functional capacity was not properly assessed, his assertion that the ALJ erred at step five when he failed to pose a hypothetical question to the vocational expert, and Meacham's alternative assertion that the ALJ should have submitted interrogatories to the vocational expert.